UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 14-14095

LEYAH JENSEN

v.

UNITED STATES NATIONAL PARK SERVICE

MEMORANDUM AND ORDER ON
GOVERNMENT'S MOTION TO DISMISS

July 6, 2015

STEARNS, D.J.

Plaintiff Leyah Jensen instituted this action under the Native American Graves Protection and Repatriation Act (NAGPRA), 25 U.S.C. §§ 3001-3013, seeking injunctive relief and a monetary award against defendant, National Park Service (NPS), for its failure "to comply with Congressional mandates." Compl. ¶ II(B).  Jensen alleges that she found "exposed human remains" in a sewer drain at a National Historic Landmark on Nantucket Island, Massachusetts.  Compl. ¶¶ I, II(B).  She filed a police report and notified defendant NPS and the U.S. Department of the Interior informing them that the remains were unprotected in violation of NAGPRA.  Having received no response from the NPS, Jensen "made consultation with the local Tribe Officer and the remains were validated as human by the State Coroner." *Id.*

¶ II(B).  Jensen contends that the situation has caused "irreparable damage to American history," as well as causing her "two years of financial, mental, emotional, and physical stresses of attempting to maintain lawful protocols while awaiting response from the National Park Service." *Id.* ¶ II(C)(2).

The NPS asks the court to dismiss Jensen's Complaint for lack of jurisdiction and her failure to state a claim for which relief may be granted. The NPS asserts that Jensen lacks standing to bring a NAGPRA claim and cannot establish that the United States has waived sovereign immunity and consented to suit.  Substantively, the NPS argues that Jensen has failed to allege the necessary elements of a claim under NAGPRA.

## DISCUSSION

The NPS moves to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction.  "'The party invoking federal jurisdiction bears the burden of establishing' standing." *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1148 (2013), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).  "The federal courts are required to determine whether Article III jurisdiction exists prior to proceeding to the merits of the case." *United Seniors Ass'n, Inc. v. Philip Morris USA*, 500 F.3d 19, 23 (1st Cir. 2007).

"Federal courts lack jurisdiction over claims against the United States unless the government has waived its sovereign immunity." *Sanchez v. United States*, 740 F.3d 47, 50 (1st Cir. 2014), citing *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, (1994).  Jensen alleges personal injuries – "financial, mental, emotional, and physical stresses" – that result from the NPS's "neglect" and asks for compensatory money damages.[1]  Compl. ¶ II(C).  This claim(s) sounds in tort.  The Federal Tort Claims Act (FTCA) comprises a limited waiver of federal sovereign immunity, which allows the government to be held liable for certain tortious acts and omissions.  *See* 28 U.S.C. § 1346(b)(1).  However, prior to permitting suit against the United States, a litigant is required to file an administrative claim with the agency having jurisdiction.  *See* 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied

---

[1] The only statute cited in Jensen's Complaint is NAGPRA.  Notably, NAGPRA does not authorize an award of monetary damages. *See Castro Romero v. Becken*, 256 F.3d 349, 354-355 (5th Cir. 2001); *Who Dat Yat Chat, LLC v. Who Dat? Inc.*, 2010 WL 4812956, at *4 (E.D. La. Nov. 17, 2010).

by the agency in writing and sent by certified or registered mail."). Jensen has failed to allege that she has complied with that procedural prerequisite and, therefore, the court lacks subject-matter jurisdiction over the claim(s).

Jensen's remaining non-tort claim is under NAGPRA. To demonstrate standing, Jensen must "'allege[ ] such a personal stake in the outcome of the controversy' as to warrant [the] invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on [her] behalf." *Warth v. Seldin*, 422 U.S. 490, 498-499 (1975), quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962). To establish Article III standing, a plaintiff must show an injury that is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Clapper*, 133 S.Ct. at 1147, quoting *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010). NAGPRA establishes rights of tribes and lineal descendants to obtain repatriation of human remains and cultural items from federal agencies and museums, and protects human remains and cultural items found on federal public and tribal lands. *See* 25 U.S.C. § 3001.; s*ee also Thorpe v. Borough of Thorpe*, 770 F.3d 255, 262 (3d Cir. 2014) ("NAGPRA enables Native American groups affiliated with items excavated on federal lands to claim ownership. Second, NAGPRA provides for repatriation of cultural items currently held by federal agencies, including federally-funded

museums."). Jensen does not claim to be a tribal or descendant claimant of the remains, a requisite for standing within the "zone of interests" protected by NAGPRA. *Bonnichsen v. United States*, 357 F.3d 962, 970 (9th Cir. 2004). Nor did she discover the human remains on tribal or federal lands. The NPS proffers unrebutted affidavits establishing that there are no tribal lands on the Island of Nantucket. *See* Peters Decl. ¶ 5 ("I am the Tribal Historic Preservation Officer for the Mashpee Wampanoag Tribe [and] [t]here are no tribal lands within the meaning of NAGPRA on the [I]sland of Nantucket.").[2] Nor is the site at issue – along the north shore of Nantucket – federal land.[3] *See* McManus Decl. ¶¶ 4-5 ("[T]he site location that Ms. Jensen provided . . . appears to be municipal or state-owned-land."). Moreover, Jensen fails to identify the remains as Native American ("relating to a tribe, people, or culture indigenous to the United States"), *see* 43 C.F.R. § 10.2(d), of a currently existing tribe as required by the statute. *See Bonnichsen*, 367 F.3d at 875-876. For these reasons, Jensen lacks standing

---

[2] In evaluating a motion to dismiss for lack of subject matter jurisdiction, the court "'may consider whatever evidence has been submitted . . . such as depositions and exhibits.'" *Carroll v. United States*, 661 F.3d 87, 94 (1st Cir. 2011), quoting *Aversa v. United States*, 99 F.3d 1200, 1209-1210 (1st Cir. 1996).

[3] Federal lands are defined in the statute as "land other than tribal lands which are controlled or owned by the United States." 25 U.S.C. § 3001(5).

to invoke NAGPRA, and the court therefore lacks subject-matter jurisdiction to entertain her claim.

## ORDER

For the foregoing reasons, the NPS's motion to dismiss the Complaint is <u>ALLOWED</u>.  The Clerk will now close the case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE